(105 So. 428)

## GRAY v. STATE. (7 Div. 88.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

**1. Criminal law ⊜⟹419, 420(3)—Testimony as to who informed deputy sheriff of location of still, or pointed it out, held inadmissible as hearsay.**

In prosecution for possession of still, refusal to allow accused to ask state's witness, deputy sheriff, who informed him of location of still in question, or pointed it out to him, proper; such testimony being inadmissible, as hearsay.

**2. Criminal law ⊜⟹1169(2)—Exception to refusal to permit witness to be asked question, answer to which was given in colloquy between counsel and court, held not to require ruling on appeal.**

In prosecution for possession of still, where state's objection to accused's question to state's

witness, deputy sheriff, as to who informed him of location of still in question, and who pointed it out, started colloquy between trial judge and accused's attorney, which was set out in bill of exceptions, and in which question was answered, such exception called for no ruling on appeal.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Mim Gray was convicted of violating the prohibition law, and he appeals. Affirmed.

W. J. Boykin, of Gadsden, for appellant.

Counsel argues for error in rulings on evidence and cites 4 Words & Phrases, 303, 314; Greenleaf on Ev. § 108; Fraley v. Fraley, 150 N. C. 501, 64 S. E. 381; Bessierre v. A. C. G. & A., 179 Ala. 317, 60 So. 83; Mears Min. Co. v. Maryland Cas. Co., 162 Mo. App. 185, 144 S. W. 883.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised and treated, but without citing authorities.

RICE, J. The defendant was convicted of unlawfully being in possession of a still, etc., and appeals.

[1] About all the insistence of error made by appellant's counsel seems to be, as we gather it from the record, on account of the trial court's refusal to allow the defendant to ask one of the state's witnesses, a deputy sheriff, who it was that informed him of the location of the still in question, or pointed it out to him. This was purely hearsay, and inadmissible. The said witness testified fully as to those present at the still,—and as to all that he saw, etc.

[2] Really as the exception appears in the bill of exceptions, we are of the opinion that it calls for no ruling at all by us. A long colloquy between the trial judge and defendant's attorney is set out, at the end of which appears this: "Here the defendant reserved an exception to the ruling of the court." So far as we can observe, the original question, the objection to which started the colloquy, was, in the course of same, answered.

We have carefully examined the whole record, and are of the opinion that defendant had a fair trial, without the intervention anywhere of any prejudicial error.

Let the judgment be affirmed.

Affirmed.